IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | |
|---|---|
| JOSEPH MARK LeBLANC, PRO SE, <br> TDCJ-CID No. 1361901, <br> Previous TDCJ-CID No. 572120 <br> Previous TDCJ-CID No. 971118 <br><br> Plaintiff, <br><br> v. <br><br> MATTHEW BORUNDA, <br> ETHELIA McKINNEY, and <br> CYNTHIA BECERRA, <br><br> Defendants | § § § § § § § § § § § § § § § 2:10-CV-0034 |

**MEMORANDUM OPINION AND ORDER OF DISMISSAL**

The claims asserted against the above-named defendants were originally brought in Cause No. 2:09-CV-0160 and were severed into a new cause by Order issued February 8, 2010.

Plaintiff JOSEPH MARK LeBLANC, acting *pro se* and while a prisoner incarcerated in the Texas Department of Criminal Justice, Correctional Institutions Division, has filed suit pursuant to Title 42, United States Code, section 1983 complaining against the above-referenced defendants and has been granted leave to proceed *in forma pauperis*.

Plaintiff alleges that, on or about November 13, 2008, he was placed on property restriction due to a disciplinary infraction. Plaintiff alleges defendant Sgt. BORUNDA ordered defendant Officer BECERRA to confiscate plaintiff's property and bring it to defendant Sgt. BORUNDA. Plaintiff complains defendant BECERRA did as she was ordered. Plaintiff states he did not receive an Inventory Sheet in compliance with prison policy until after he filed a

Step 1 grievance, which prompted defendant Property Officer McKINNEY to inventory the property she had of his. Plaintiff says his property should have been inventoried before being taken off the Pod where his cell is, but that this was not done.

Plaintiff claims his "Records of Expunction Criminal Case (which was vital to his Post-Conviction) was taken," along with 162 pictures, a fan, and several personal articles. Plaintiff states TDCJ-CID has not acknowledged the loss or destruction of his property.

Upon review of plaintiff's April 2, 2010 amended complaint, the Court issued a Briefing Order giving plaintiff twenty-eight days, or until January 11, 2011, in which to respond and inform the Court, in part, of the harm he had sustained as a result of the confiscation of his "records of expunction criminal case." Plaintiff was instructed to be specific and to identify any case in which his position as a litigant was harmed, and explain exactly how he was harmed.

Plaintiff was also instructed that a failure to timely comply with the Order would be construed as a failure to prosecute and could result in a dismissal of the instant cause without further notice.

The period for response has expired and no further pleadings or correspondence have been received from plaintiff in this cause. The deadline has expired, and plaintiff has failed to comply with the Court's order.

It appears plaintiff has abandoned his cause and such cause should be dismissed for failure to prosecute, *Link v. Wabash Railroad Co.*, 370 U.S. 626, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962) (court possesses inherent power to dismiss *sua sponte* for lack of prosecution).

IT IS THEREFORE ORDERED:

The referral of the instant cause to the United States Magistrate Judge is hereby withdrawn.

This Civil Rights Complaint is DISMISSED WITHOUT PREJUDICE FOR FAILURE TO PROSECUTE.

LET JUDGMENT BE ENTERED ACCORDINGLY.

The Clerk will mail a copy of this Order to the plaintiff and to any attorney of record by first class mail.

IT IS SO ORDERED.

Signed this the 20 day of January, 2011.

MARY LOU ROBINSON
United States District Judge